1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  REYNALDO CABRAL,
                                No. 2:08-cv-00029-MCE-DAD
12          Plaintiff,

13      v.                      <u>MEMORANDUM AND ORDER</u>

14  COUNTY OF GLENN, et al.,

15          Defendants.

16                      ----oo0oo----

17      Presently before the Court is Defendant Sierra Family

18  Services' Motion to Dismiss Plaintiff's First Amended Complaint.[1]

19

20                          **BACKGROUND**

21

22      On January 3, 2007, Plaintiff Reynaldo Cabral was wrapped in

23  Saran Wrap, drenched in kerosene, and planning to set himself on

24  fire.  He was located by members of the Chico Police Department

25  who transported him to Enloe Medical Center for examination.

26  ────────────────

27      [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

                              1

Plaintiff told the officers he was either attempting to cleanse himself or kill himself.  Plaintiff was found to be in good physical health and a drug screening showed no use of alcohol or hard drugs.  Thereafter, Plaintiff was admitted to Butte County Behavioral Health pursuant to California Welfare and Institutions Code § 5150.  Butte County Behavioral Health assessed Plaintiff and determined he was suffering from a serious mental disorder and was feeling suicidal.

On January 4, 2007, after visiting with his family and stating he would not hurt himself, Plaintiff was released to the care of his family.  Upon learning of Plaintiff's recent psychotic behavior, his family attempted to have him readmitted. Butte County Behavioral Health declined to readmit Plaintiff.  On January 5, 2007, Plaintiff began to hear voices from God instructing him to kill his girlfriend. On January 6, 2007, he attacked his girlfriend. He was arrested by members of the Glenn County Sheriff's Department and taken to Glenn County Jail.  At the time of his arrest, Plaintiff's brother informed the officers of the circumstances of Plaintiff's recent psychiatric hold. Glenn County Jail was informed both by a friend of Plaintiff and by a doctor familiar with Plaintiff of his psychiatric condition.

At 1048 on January 6, 2007, Plaintiff was examined by nurse Donna Tomisch at the Glenn County Jail.  Nurse Tomisch concluded that Plaintiff was suicidal, demonstrated abnormal behavior and depression, and did not appear to be under the influence of alcohol or drugs.  She was aware of his suicidal attempt, the earlier Welfare & Institutions § 5150 hold, and the events leading up to it.

1    Following her examination, Nurse Tomisch and Corporal
2 Rosemary Carmen contacted Glenn County Mental Health and spoke
3 with Richard Gordon.  Nurse Tomisch asked Mr. Gordon to assess
4 Plaintiff, and Mr. Gordon responded that he needed to contact his
5 supervisor and clarify the role of Glenn County Mental Health in
6 this situation.

7    After speaking with Mr. Gordon, nurse Tomisch had to leave
8 Glenn County Jail and report to her other job at Shasta County
9 Jail.  She contacted Glenn County Mental Health and asked that
10 future contacts concerning Plaintiff be directed to Corporal
11 Carmen.  Subsequently, Glenn County Mental Health told personnel
12 at Glenn County Jail they had no contract with the jail and
13 refused to provide mental health services for Plaintiff.

14    In the early morning hours of January 8, 2007, Plaintiff
15 removed his clothes, vomited, and began throwing feces, urine,
16 and vomit around his cell.  Several law enforcement officers
17 entered Plaintiff's cell on two occasions and attempted to subdue
18 him, using a "taser weapon," an "electric stun type shield,"
19 and pepper spray.  Thereafter, Plaintiff was taken for a brief
20 shower and placed in another cell where the walls were coated
21 with rubber.

22    At approximately 0445 on January 8, 2007, Plaintiff collided
23 with the wall of his cell and broke his neck at level C-5,
24 causing quadriplegia. At 0705, Plaintiff was observed and
25 examined at a distance by someone from the Glenn County Jail,
26 possibly Richard Baldwin. According to the examination report,
27 Plaintiff was "prone on the floor breathing and moaning."
28 ///

1    At 1110, Nurse Baldwin, Officer Josh Van Eck, and Officer Dee Dee
2    Nelson noted Plaintiff claimed paralysis and a broken neck, and
3    that he promised to be good.

4        At 1309, a nurse from Glenn County Jail entered Plaintiff's
5    cell.  Plaintiff did not respond to painful stimuli and told the
6    nurse he was paralyzed.  Emergency services personnel were
7    summoned and arrived at approximately 1324.  Plaintiff was
8    transported by ambulance to Glenn Medical Center where he was
9    confirmed to be quadriplegic.  Plaintiff was then transferred to
10   Enloe Medical Center where he was evaluated and diagnosed with a
11   fracture of his fifth cervical vertebrae.

12       Plaintiff's Complaint names approximately 27 defendants,
13   including Defendants Sierra Family Services.  According to
14   Plaintiff's First Amended Complaint, Sierra Family Services was,
15   at all times relevant, a party to a contract with Glen County
16   Department of Mental Health to provide mental health services.
17   Plaintiff alleges Sierra Family Services engaged in conduct
18   constituting violation of 42 U.S.C. § 1983; violation of
19   Plaintiff's rights under California Civil Code §§ 51, 51.7, 52.1,
20   and 52.3; violation of Plaintiff's rights under California
21   Welfare and Institutions Code §§ 15657 and 15657.5; intentional
22   infliction of emotional distress; violation of Plaintiff's rights
23   under California Government Code § 845.6; negligent hiring;
24   health care negligence; and violation of Plaintiff's rights under
25   Article I, § 7 of the California Constitution.  Sierra Family
26   Services now moves to dismiss Plaintiff's Complaint for failure
27   to state a claim under Rule 12(b)(6).
28   ///

1

**STANDARD**

2

3       On a motion to dismiss for failure to state a claim under

4   Rule 12(b)(6), all allegations of material fact must be accepted

5   as true and construed in the light most favorable to the

6   nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

7   337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

8   requires only "a short and plain statement of the claim showing

9   that the pleader is entitled to relief," in order to "give the

10  defendant fair notice of what the ... claim is and the grounds

11  upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S.

12  Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a

13  Rule 12(b)(6) motion to dismiss does not need detailed factual

14  allegations, a plaintiff's obligation to provide the "grounds" of

15  his "entitlement to relief" requires more than labels and

16  conclusions, and a formulaic recitation of the elements of a

17  cause of action will not do.  Bell Atl. Corp. v. Twombly, 127

18  S. Ct. 1955, 1964-65 (2007) (internal citations and quotations

19  omitted).  Factual allegations must be enough to raise a right to

20  relief above the speculative level.  Id. at 21 (citing 5 C.

21  Wright & A. Miller, Federal Practice and Procedure § 1216, pp.

22  235-236 (3d ed. 2004) ("The pleading must contain something more

23  ... than ... a statement of facts that merely creates a suspicion

24  [of] a legally cognizable right of action").

25  ///

26  ///

27  ///

28  ///

5

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Defendant argues that Plaintiff has failed to assert a cause of action against it.  The allegations made against Sierra Family Services are as follows:

- Sierra Family Services was a contractor with Glenn County Department of Mental Health to provide mental health services to inmates at Glenn County Jail.

- Sierra Family Services and its employees, agents, and/or contractors or those working through or on its behalf are sued in their individual and official capacities.

- In doing the acts alleged in the First Amended Complaint, defendants acted within the course and scope of their respective employment and/or under the color of law for Sierra Family Services.

- In doing the acts or omissions alleged in the First Amended Complaint, defendants acted under color of authority or color of law.

- In doing the acts or omissions alleged in the First Amended Complaint, defendants acted as the agent, servant, and employee and/or in concert with each of said other defendants.

6

1      •     Plaintiff names Sierra Family Services as a defendant
                in his claims for violation of 42 U.S.C. § 1983;
2                 violation of Plaintiff's rights under California Civil
                Code §§ 51, 51.7, 52.1, and 52.3; violation of
3                 Plaintiff's rights under California Welfare and
                Institutions Code §§ 15657 and 15657.5; intentional
4                 infliction of emotional distress; violation of
                Plaintiff's rights under California Government Code
5                 § 845.6; negligent hiring; health care negligence; and
                violation of Plaintiff's rights under Article I, § 7 of
6                 the California Constitution.

7      Plaintiff makes no other factual allegations as to Sierra

8 Family Services.  Sierra Family Services moves to dismiss for

9 failure to comply with the pleading requirements of the Federal

10 Rules of Civil Procedure.

11      Because Plaintiff pleads only a contractual relationship

12 between Sierra Family Services and Glenn County Department of

13 Mental Health, without pleading any facts that Sierra Family

14 Services was responsible for on contributed to Plaintiff's

15 alleged injuries, Plaintiff has not pleaded a claim upon which

16 relief may be granted.  While only a short, plain statement of a

17 claim is required, Plaintiff's pleading fails to meet even this

18 burden as to Defendant Sierra Family Services.  Because

19 Plaintiff's First Amended Complaint does not comply with the

20 notice pleading requirements of the Federal Rules of Civil

21 Procedure, Plaintiff's First Amended Complaint is dismissed as to

22 Defendant Sierra Family Services.  Plaintiff may file an amended

23 complaint within 20 days of the date of this Order, should he

24 choose to do so.

25 ///

26 ///

27 ///

28 ///

1

**CONCLUSION**

2

3        For the foregoing reasons, Defendant Sierra Family Services'
4   Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED.
5   Plaintiff is granted leave to file an amended complaint not later
6   than twenty (20) days after the date this Order is filed.
7        IT IS SO ORDERED.

8
  Dated: September 30, 2008
9

10                                            _____
11                                            MORRISON C. ENGLAND, JR.
                                              UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28