UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REYNALDO CABRAL,

        Plaintiff,

  v.

COUNTY OF GLENN, et al.,

        Defendants.

No. 2:08-cv-00029-MCE-DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Presently before the Court is Defendants Glenn Medical Center, Woody Laughnan, Jr., Richard Baldwin, and Donna Tomsich's Motion to Dismiss Plaintiff Reynaldo Cabral's First Amended Complaint.[1]

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND[2]

On January 3, 2007, Plaintiff Reynaldo Cabral was wrapped in Saran Wrap, drenched in kerosene, and planning to set himself on fire. He was located by members of the Chico Police Department who transported him to Enloe Medical Center for examination. Plaintiff told the officers he was either attempting to cleanse himself or kill himself. Plaintiff was found to be in good physical health and a drug screening showed no use of alcohol or hard drugs. Thereafter, Plaintiff was admitted to Butte County Behavioral Health pursuant to California Welfare and Institutions Code § 5150. Butte County Behavioral Health assessed Plaintiff and determined he was suffering from a serious mental disorder and was feeling suicidal.

On January 4, 2007, after visiting with his family and stating he would not hurt himself, Plaintiff was released to the care of his family. Upon learning of Plaintiff's recent psychotic behavior, his family attempted to have him readmitted. Butte County Behavioral Health declined to readmit Plaintiff. On January 5, 2007, Plaintiff began to hear voices from God instructing him to kill his girlfriend. On January 6, 2007, he attacked his girlfriend. He was arrested by members of the Glenn County Sheriff's Department and taken to Glenn County Jail. At the time of his arrest, Plaintiff's brother informed the officers of the circumstances of Plaintiff's recent psychiatric hold.
///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint.

1  Glenn County Jail was informed both by a friend of Plaintiff and
2  by a doctor familiar with Plaintiff of his psychiatric condition.
3       At 1048 on January 6, 2007, Plaintiff was examined by nurse
4  Donna Tomisch[3] at the Glenn County Jail.  Nurse Tomisch concluded
5  that Plaintiff was suicidal, demonstrated abnormal behavior and
6  depression, and did not appear to be under the influence of
7  alcohol or drugs.  She was aware of his suicidal attempt, the
8  earlier Welfare & Institutions § 5150 hold, and the events
9  leading up to it.
10      Following her examination, Nurse Tomisch and Corporal
11 Rosemary Carmen contacted Glenn County Mental Health and spoke
12 with Richard Gordon.  Nurse Tomisch asked Mr. Gordon to assess
13 Plaintiff, and Mr. Gordon responded that he needed to contact his
14 supervisor and clarify the role of Glenn County Mental Health in
15 this situation.
16      After speaking with Mr. Gordon, Nurse Tomisch had to leave
17 Glenn County Jail and report to her other job at Shasta County
18 Jail.  She contacted Glenn County Mental Health and asked that
19 future contacts concerning Plaintiff be directed to Corporal
20 Carmen.  Subsequently, Glenn County Mental Health told personnel
21 at Glenn County Jail they had no contract with the jail and
22 refused to provide mental health services for Plaintiff.
23 ///

---

[3] There is apparently some confusion as to the relationship between Nurse Tomisch, Glenn Medical Center, and Glenn County Jail.  The First Amended Complaint alleges that Nurse Tomisch is an employee of Glenn County Jail.  In opposition to this motion, Plaintiff alleges she is an employee of Glenn Medical Center. Because this is a motion to dismiss the First Amended Complaint, the Court will address the allegations therein, namely, that Nurse Tomisch is an employee of Glenn County Jail.

3

1  In the early morning hours of January 8, 2007, Plaintiff
2 removed his clothes, vomited, and began throwing feces, urine,
3 and vomit around his cell.  Several law enforcement officers
4 entered Plaintiff's cell on two occasions and attempted to subdue
5 him, using a "taser weapon," an "electric stun type shield,"
6 and pepper spray.  Thereafter, Plaintiff was taken for a brief
7 shower and placed in another cell where the walls were coated
8 with rubber.

9  At approximately 0445 on January 8, 2007, Plaintiff collided
10 with the wall of his cell and broke his neck at level C-5,
11 causing quadriplegia.  At 0705, Plaintiff was observed and
12 examined at a distance by someone from the Glenn County Jail,
13 possibly Richard Baldwin. According to the examination report,
14 Plaintiff was "prone on the floor breathing and moaning."  At
15 1110, Nurse Baldwin, Officer Josh Van Eck, and Officer Dee Dee
16 Nelson noted Plaintiff claimed paralysis and a broken neck, and
17 that he promised to be good.

18  At 1309, a nurse from Glenn County Jail entered Plaintiff's
19 cell.  Plaintiff did not respond to painful stimuli and told the
20 nurse he was paralyzed.  Emergency services personnel were
21 summoned and arrived at approximately 1324.  Plaintiff was
22 transported by ambulance to Glenn Medical Center where he was
23 confirmed to be quadriplegic.  Plaintiff was then transferred to
24 Enloe Medical Center where he was evaluated and diagnosed with a
25 fracture of his fifth cervical vertebrae.
26 ///
27 ///
28 ///

4

Plaintiff's Complaint names approximately 27 defendants, including Defendant Glenn Medical Center, Woody Laughnan, Jr.[4], Nurse Richard Baldwin, and Nurse Donna Tomsich (collectively "Defendants"). Plaintiff alleges Defendants engaged in conduct constituting violation of Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States; violation of Plaintiff's rights under California Civil Code §§ 51, 51.7, 52.1, and 52.3; violation of Plaintiff's rights under California Welfare and Institutions Code §§ 15657 and 15657.5; intentional infliction of emotional distress; violation of Plaintiff's rights under California Government Code § 845.6; and violation of Plaintiff's rights under Article I, § 7 of the California Constitution. Defendants now move to dismiss Plaintiff's First Amended Complaint for failure to state a claim under Rule 12(b)(6).

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the

---

[4] Plaintiff's First Amended Complaint alleges that Mr. Laughnan was, at all times relevant, the administrator of Glenn Medical Center.

5

1  defendant fair notice of what the ... claim is and the grounds
2  upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78
3  S. Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by
4  a Rule 12(b)(6) motion to dismiss does not need detailed factual
5  allegations, a plaintiff's obligation to provide the "grounds" of
6  his "entitlement to relief" requires more than labels and
7  conclusions, and a formulaic recitation of the elements of a
8  cause of action will not do. Bell Atl. Corp. v. Twombly,
9  127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations
10 omitted).  Factual allegations must be enough to raise a right to
11 relief above the speculative level. Id. at 21 (citing 5 C.
12 Wright & A. Miller, Federal Practice and Procedure § 1216,
13 pp. 235-236 (3d ed. 2004) ("The pleading must contain something
14 more ... than ... a statement of facts that merely creates a
15 suspicion [of] a legally cognizable right of action").

16      If the court grants a motion to dismiss a complaint, it must
17 then decide whether to grant leave to amend.  The court should
18 "freely give[]" leave to amend when there is no "undue delay, bad
19 faith[,] dilatory motive on the part of the movant, ... undue
20 prejudice to the opposing party by virtue of ... the amendment,
21 [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman
22 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
23 only denied when it is clear that the deficiencies of the
24 complaint cannot be cured by amendment. DeSoto v. Yellow Freight
25 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).
26 ///
27 ///
28 ///

6

**ANALYSIS**

**1.   Plaintiff's § 1983 Claim**

Plaintiff's First Claim for Relief asserts a cause of action under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment alleging that Defendants Tomsich, Baldwin, Laughnan, and Glenn Medical Center, acting under color of law, deprived Plaintiff of his right to due process under the Fourteenth Amendment by denying him his right to health care and by being deliberately indifferent to his serious health care needs.

"[T]he more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted" of a crime. Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987)).  The Due Process Clause requires, at least, that "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002)(quoting Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996)).  This extends to psychiatric needs as well. Id. (citing Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 (9th Cir. 1988)).  Defendants are "deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002))(finding liability under § 1983 where jail officers were aware that detainee was a Type I diabetic and failed to provide medically necessary food or insulin).

The allegations regarding Nurse Tomisch are as follows: between 1048 and 1140 on January 6, Nurse Tomisch conducted an examination of Plaintiff and determined he was suicidal, demonstrated abnormal behavior and depression, and did not appear to be under the influence of alcohol or drugs.  Nurse Tomisch was aware of Plaintiff's prior suicide attempt.  Nurse Tomisch then contacted Glenn County Mental Health to obtain a mental health assessment. She was informed by staff at Glenn County Mental Health that they needed to contact their supervisor to clarify Glenn County Mental Health's role in Plaintiff's care. Nurse Tomisch asked that future contacts be directed to Corporal Rosemary Carmen because she had to report to her other job at Shasta County Jail.

The allegations regarding Nurse Baldwin are as follows: Nurse Baldwin "possibly" observed Plaintiff from a distance at 0705 on January 8, 2007, and "possibly" reported Plaintiff was prone on the floor breathing and moaning. Aside from this possible allegation, Nurse Baldwin's involvement is limited to a notation at 1110 on January 8, 2007, stating Plaintiff promised to be good and claimed paralysis and a broken neck.  However, if taken as true, these allegations suggest that Nurse Baldwin allowed Plaintiff to remain in a prone position in his cell for over four hours with a broken neck.

Plaintiff has stated a claim upon which relief may be granted against both Nurse Tomisch and Nurse Baldwin.  He has alleged that Nurse Tomisch was aware of his suicidal condition and did not seek effective psychiatric help for Plaintiff.
///

Plaintiff has also alleged that Nurse Baldwin had reason to believe Plaintiff was injured when he found him lying on the floor moaning, allowed Plaintiff to remain in that state for four hours, and failed to provide medical assistance when Plaintiff stated that he was paralyzed and suffering from a broken neck. In each instance, the Defendant was aware that Plaintiff was in need of medical assistance and failed to provide it.

Because Plaintiff has alleged that the actions of Nurse Baldwin were pursuant to the customs and policies of Defendants Laughnan and Glenn Medical Center, Plaintiff has also stated a claim against these Defendants.

Accordingly, Defendants' Motion to Dismiss is denied as to Plaintiff's First Claim for Relief under 42 U.S.C. § 1983.

### 2. Plaintiff's Claims Under California Civil Code §§ 51, 51.7, 52.1, and 52.3

Plaintiff's Third Claim for Relief alleges that Defendants Tomsich, Baldwin, Laughnan, and Glenn Medical Center violated Plaintiff's rights to protection under California Civil Code §§ 51, 51.7, 52.1, and 52.3.

Plaintiff concedes that he has failed to state a claim under California Civil Code §§ 51, 51.7, and 52.1 but seeks leave to amend to specifically allege the requirements of these statutes. Leave is so granted.

///
///
///
///

9

1    California Civil Code § 52.3 provides that:

2    No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights privileges or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California.

Plaintiff's cause of action based on § 52.3 is premised on the failure to provide mental health care and health care while he was detained. Because this may constitute an unlawful pattern or practice of conduct designed to deprive Anderson of certain legal rights, this Court cannot say that Plaintiff has failed to plead a claim upon which relief may be granted. Defendants argument that they are not law enforcement officers, however, the plain language of the statute does not require that the defendants be law enforcement officers, only that they engage in a pattern or practice of conduct <u>by</u> law enforcement officers. Given the relationship between Defendants and the Glenn County Jail, it is plausible that Defendants could have engaged in such a pattern or practice. As to this claim, Defendants' Motion to Dismiss is denied.

**3.  Plaintiff's Claims Under California Welfare and Institutions Code §§ 15657.5 and 15657**

Plaintiff's Fourth Claim for Relief alleges that Defendants Tomsich, Baldwin, Laughnan, and Glenn Medical Center were reckless, oppressive, and/or malicious, and a violation of Plaintiff's rights to protection under California Welfare and Institutions Code §§ 15657.5 and 15657.

///

10

Plaintiff concedes that he has failed to state a claim under these provisions, but seeks leave to amend to state a claim under Welfare and Institutions Code § 15610.57.  Leave to amend is granted.

### 4. Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff's Fifth Claim for Relief alleges that Defendants Tomsich, Baldwin, Laughnan, and Glenn Medical Center engaged in conduct that amounted to intentional infliction of emotional distress.  In his opposition, Plaintiff clarifies his position: that Defendants abandoned Plaintiff, that he suffers extreme emotional distress, and that medical care could have markedly improved or reversed his paralysis.

Under California law "[t]he tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct."  Berkeley v. Dowds, 152 Cal. App. 4th 518, 533 (2007)(citations omitted).  The conduct must be so outrageous that it "exceeds all bounds of that usually tolerated in a civilized community."  Id. (citations omitted).

///
///
///

11

### A. Nurse Tomisch and Nurse Baldwin

The allegations regarding Nurse Tomisch are as follows: between 1048 and 1140 on January 6, Nurse Tomisch conducted an examination of Plaintiff and determined he was suicidal, demonstrated abnormal behavior and depression, and did not appear to be under the influence of alcohol or drugs. Nurse Tomisch then contacted Glenn County Mental Health to obtain a mental health assessment. She was informed by staff at Glenn County Mental Health that they needed to contact their supervisor to clarify Glenn County Mental Health's role in Plaintiff's care. Nurse Tomisch asked that future contacts be directed to Corporal Rosemary Carmen because she had to report to her other job at Shasta County Jail.

The allegations regarding Nurse Baldwin are as follows: Nurse Baldwin "possibly" observed Plaintiff from a distance at 0705 on January 8, 2007, and "possibly" reported Plaintiff was prone on the floor breathing and moaning. Aside from this possible allegation, Nurse Baldwin's involvement is limited to a notation at 1110 on January 8, 2007, stating Plaintiff promised to be good and claimed paralysis and a broken neck.

These facts as pleaded do not rise to the level of extreme and outrageous conduct required by California law to state a claim for intentional infliction of emotional distress against either Nurse Tomisch or Nurse Baldwin. Further, it is not clear from Plaintiff's pleading that Nurse Tomisch or Nurse Baldwin's conduct caused his emotional distress.

///

12

Plaintiff alleges that he suffers emotional and nervous pain and suffering in conjunction with his broken neck. While an injury of that magnitude might cause emotional distress, Plaintiff has not pleaded the requisite causation between Nurse Tomisch or Nurse Baldwin's conduct and his emotional distress. Accordingly, Plaintiff's Fifth Claim for Relief against Defendants Tomsich and Baldwin is dismissed with leave to amend.

### B.   Defendant Laughnan

Plaintiff's First Amended Complaint makes no allegations as to Defendant Laughnan that meet any of the elements of his claim for intentional infliction of emotional distress. Accordingly, Plaintiff has not pleaded a claim upon which relief may be granted and Plaintiff's Fifth Claim for Relief against Defendant Laughnan is dismissed with leave to amend.

### C.   Defendant Glenn Medical Center

"The rule of respondeat superior is familiar and simply stated: an employer is vicariously liable for the torts of its employees committed within the scope of the employment." Lisa M. v. Henry Mayo Newhall Memorial Hospital, 12 Cal. 4th 291, 296 (1995) (citing Perez v. Van Groningen & Sons, Inc., 41 Cal. 3d 962, 967). Plaintiff has failed to plead a cause of action for intentional infliction of emotional distress against any employee of Glenn Medical Center. Accordingly, respondeat superior liability will not lie.

13

Further, it is not clear from Plaintiff's pleading that Glenn Medical Center's conduct caused his emotional distress. Plaintiff alleges that he suffers emotional and nervous pain and suffering in conjunction with his broken neck. While an injury of that magnitude might cause emotional distress, Plaintiff has not pleaded the requisite causation between Glenn Medical Center's conduct and his emotional distress. Accordingly, Plaintiff's Fifth Claim for Relief against Glenn Medical Center is dismissed with leave to amend.

### 5. **Plaintiff's Claims Under California Government Code § 845.6**

Plaintiff's Sixth Claim for Relief alleges that Defendants Tomsich, Baldwin, Laughnan, and Glenn Medical Center violated California Government Code § 845.6 in failing to provide medical or psychiatric attention to Plaintiff who was known to be in need of immediate care due to an obvious medical or psychological condition.

Section 845.6 provides that a public entity or public employee is not liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody except where the employee knows or has reason to know that the prisoner is in need of immediate medical care and fails to take reasonable action to summon such care.

Plaintiff concedes that Defendants Baldwin, Laughnan, and Glenn Medical Center are not public entities or public employees and that § 845.6 does not apply to those defendants.

///

14

1  Accordingly, as to Defendants Baldwin, Laughnan, and Glenn
2  Medical Center, Plaintiff's Sixth Claim for Relief for Violation
3  of Government Code § 845.6 is dismissed without leave to amend.
4       As to Nurse Tomsich, Plaintiff's First Amended Complaint
5  alleges that Nurse Tomsich was an employee of Glenn County and
6  the Glenn County Jail.  Plaintiff alleges that Nurse Tomsich
7  examined Plaintiff, determined that he was suicidal, demonstrated
8  abnormal behavior and depression, and did not appear to be under
9  the influence of alcohol or drugs.  She was aware of Plaintiff's
10 prior suicide attempt.  Nurse Tomsich phoned Glenn County Mental
11 Health and requested that Plaintiff be assessed.  Nurse Tomsich
12 then left Glenn County Jail for her other job at Shasta County
13 Jail.  The provision of § 845.6 upon which Plaintiff relies makes
14 exceptions for failure to diagnose and/or medicate a mental
15 illness (Cal. Gov't Code § 855.8) and for to confine a person for
16 mental illness (Cal. Gov't Code § 856).  According to Plaintiff's
17 allegations, during the time Nurse Tomsich examined Plaintiff, he
18 was not in need of immediate medical care.  Nurse Tomsich
19 diagnosed Plaintiff as suicidal and depressed, but not under the
20 influence of any drugs or alcohol.  Plaintiff may have been in
21 need of attention for his mental health, but § 845.6 does not
22 create liability in that instance.  Accordingly, Plaintiff's
23 Sixth Claim for Relief against Defendant Tomsich is dismissed
24 with leave to amend.
25 ///
26 ///
27 ///
28 ///

15

1   **6.   Plaintiff's Claim for Negligent Hiring**

Plaintiff's Seventh Claim for Relief asserts that Defendant Glenn Medical Center was negligent and failed to use due care in hiring of the medical or mental health employees and contractors and in failing to have adequate staff to care for Plaintiff's health care needs.

Under California law, an employer can only be held liable for negligent hiring where he knows the employee is unfit, has reason to believe the employee is unfit, or fails to use reasonable care to determine the employee's unfitness prior to hiring him. <u>Juarez v. Boy Scouts of Am., Inc.</u>, 81 Cal. App. 4th 377, 395 (2000) (quoting <u>Evan F. v. Hughson United Methodist Church</u>, 8 Cal. App. 4th 828, 843 (1992)). Here, Plaintiff has failed to allege that Defendant Glenn Medical Center knew, should have known, or with reasonable inquiry could have discovered that any of its employees were unfit for their positions. Accordingly, Plaintiff's Seventh Claim for Relief for Negligent Hiring is dismissed with leave to amend.

**7.   Plaintiff's Claim Under California Constitution Article I, Section 7(a)**

Plaintiff's Twelfth Claim for Relief alleges that Defendants Tomsich, Baldwin, Laughnan, and Glenn Medical Center violated the due process clause in Article I, § 7(a) of the California Constitution. Article I, § 7(a) provides: "A person may not be deprived of life, liberty, or property without due process of law."

16

1  Article I, § 7(a) does not "afford a right to seek damages to
2  remedy the asserted violation of the due process liberty
3  interest." Katzberg v. Regents of University of California,
4  29 Cal. 4th 300, 329 (2002). Plaintiff asserts claims for
5  damages and injunctive relief. As to his claim for damages under
6  Article I, § 7(a), the Motion to Dismiss is granted without leave
7  to amend. As to Plaintiff's claim for injunctive relief,
8  Plaintiff seeks injunctive relief restraining Defendants from
9  engaging in the unlawful and unconstitutional actions described
10 in the First Amended Complaint. This is not a proper basis for
11 injunctive. Plaintiff is no longer in custody. Therefore any
12 injunction regarding Plaintiff's rights would be moot.
13 Accordingly, Plaintiff's Twelfth Claim for Relief for violation
14 of Article I, § 7(a) of the California Constitution is dismissed
15 without leave to amend.

## CONCLUSION

Based on the foregoing, Defendants Tomisch, Baldwin, Laughnan, and Glenn Medical Center's Motion to Dismiss is GRANTED in part and DENIED in part. Defendants' Motion to Dismiss is DENIED as to Plaintiff's claim under 42 U.S.C. § 1983 and Plaintiff's claim under California Civil Code § 52.3.

///
///
///
///
///

1  Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claim
2  under California Civil Code §§ 51, 51.7, and 52.1, Plaintiff's
3  claim under California Welfare and Institutions Code §§ 15657.5
4  and 15657, Plaintiff's claim for Intentional Infliction of
5  Emotional Distress, Plaintiff's claim under California Government
6  Code § 845.6, Plaintiff's claim for Negligent Hiring, and
7  Plaintiff's claim under Article I, § 7(a) of the California
8  Constitution.  All dismissals are with leave to amend unless the
9  Court has indicated otherwise. The period for amendment provided
10 for herein shall be twenty (20) days from the date this Order is
11 filed.
12     IT IS SO ORDERED.
13  Dated: September 30, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE