UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REYNALDO CABRAL,                         No. 2:08-cv-00029-MCE-DAD

      Plaintiff,

  v.                                     MEMORANDUM AND ORDER

COUNTY OF GLENN, et al.

      Defendants.

----oo0oo----

Plaintiff Reynaldo Cabral ("Plaintiff") seeks monetary and injunctive relief against, *inter alia*, the City of Willows ("City") and Officer Jason Dahl ("Officer Dahl") (collectively "Defendants"), for injuries sustained while detained in the Glenn County Jail. Presently before the Court is Defendants' Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, Defendants' Motion is granted in part and denied in part.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND[2]

On January 3, 2007, Chico Police discovered Plaintiff drenched in kerosene and clothed in nothing but Saran Wrap. Plaintiff claimed that he was attempting to set himself on fire to either cleanse or kill himself. Chico Police took Plaintiff to Enloe Medical Center where he was examined. Plaintiff appeared to be in good physical health, and a drug test administered came back negative.

Nevertheless, due to Plaintiff's bizarre behavior, Chico Police admitted Plaintiff to the psychiatric facility at Butte County Department of Behavioral Health ("BCBH"). BCBH diagnosed Plaintiff as having psychotic and depressive disorders and kept him overnight.

On January 4, 2007, BCBH allegedly changed its diagnosis of Plaintiff to major depressive disorder. BCBH discharged him from the psychiatric facility with two prescriptions. Plaintiff's family allegedly asked that Plaintiff be re-admitted, but BCBH denied the request.

On January 5, 2007, Plaintiff claims that he began hearing voices from God, instructing him to kill his girlfriend. On January 6, 2007, Plaintiff attacked his girlfriend.

The Glenn County Sheriff's Department ("GCSD") arrested Plaintiff and placed him in a holding cell at Glenn County Jail. According to Plaintiff's friends and family, they informed Glenn County Jail that Plaintiff was mentally ill.

---

[2] The following factual assertions are based on the allegations in Plaintiff's First Amended Complaint.

A nurse then examined Plaintiff, concluding that he was suicidal and that he demonstrated abnormal behavior and signs of depression. GCSD purportedly contacted Glenn County Department of Mental Health ("GCDMH"), but the latter entity refused to provide mental health services. Thus, Plaintiff did not receive any further medical services and was placed in a holding cell.

On the morning of January 8, 2007, Plaintiff removed his clothes and began throwing feces, urine, and vomit around his cell. Glenn County Jail staff summoned Officer Dahl of the Willows Police Department, Officers Burns and Thompson of the California Highway Patrol, and officers Discharry, Blakely and Clemens of the GCSD. Officer Dahl allegedly used a "taser weapon" on Plaintiff, discharging six or seven pulses. Plaintiff claims that the officers then again stormed the cell and used an "electric stun type shield." In this second charge, Officer Dahl allegedly attempted to use the taser on Plaintiff again. Finally, Officer Dahl sprayed Plaintiff in the face with pepper spray, successfully subduing him.

Officers then removed Plaintiff from the cell and handcuffed and cleaned him. Emergency Medical Technicians from the Willows Fire Department examined Plaintiff. At or around 3:50 a.m. on January 8, 2007, Plaintiff was placed naked in a safety cell, which was unfurnished and had a rubber coating on the walls.

At or around 4:45 a.m., Plaintiff, while still under the effect of the pepper spray, allegedly again heard the voices from God. Plaintiff claims that he then collided with the wall of the cell, breaking his neck and paralyzing himself from the neck down.

3

1  Plaintiff allegedly received no medical attention until
2 1:09 p.m.  Glenn County Jail transferred Plaintiff to Glenn
3 Medical Center at 1:59 p.m., where he was confirmed to be
4 quadriplegic.  Plaintiff was then transferred to Enloe Medical
5 Center at or around 4:42 p.m. where he underwent surgery.
6 Plaintiff remains quadriplegic today.

## STANDARD

10  A motion for judgment on the pleadings pursuant to Rule
11 12(c) challenges the legal sufficiency of the opposing party's
12 pleadings.  E.g. Westlands Water Dist. v. Bureau of Reclamation,
13 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party may move for
14 judgment on the pleadings after the pleadings are closed but
15 within such time as to not delay trial.  Fed. R. Civ. P. 12(c).
16  The standard for evaluating a motion for judgment on the
17 pleadings is essentially the same as the standard applied to a
18 Rule 12(b)(6) motion.  Dworkin v. Hustler Magazine, Inc., 867
19 F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on the
20 pleadings should only be granted if, accepting as true all
21 material allegations contained in the nonmoving party's
22 pleadings, the moving party "'clearly establishes that no
23 material issue of fact remains to be resolved and that he [or
24 she] is entitled to judgment as a matter of law.'"  Doleman v.
25 Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)
26 (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice
27 and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard
28 Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

4

1  Judgment on the pleadings is also proper when there is
2 either a "lack of cognizable legal theory" or the "absence of
3 sufficient facts alleged under a cognizable legal theory."
4 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.
5 1988).

6  Courts have discretion to grant leave to amend in
7 conjunction with motions made pursuant to Rule 12(c). Moran v.
8 Peralta Cmty. Coll. Dist., 825 F. Supp. 891, 893 (N.D. Cal. 1993)
9 (citing Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th
10 Cir. 1979), disapproved of on other grounds by Garcia v. San
11 Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985)).
12 Generally, leave to amend a complaint is denied only if it is
13 clear that the deficiencies of the complaint can not be cured by
14 amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655,
15 658 (9th Cir. 1992).

## ANALYSIS

**I. FIRST CAUSE OF ACTION: CLAIMS BROUGHT PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

21  Plaintiff's First Cause of Action alleges that the City and
22 Officer Dahl deprived Plaintiff of his due process rights under
23 the Fourteenth Amendment of the United States Constitution by
24 denying him his right to health care and by being deliberately
25 indifferent to Plaintiff's serious health care needs. Plaintiff
26 does not oppose Defendants' motion "to the extent it is based on
27 failure to provide medical care," but he contends that he also
28 has a viable excessive force claim.

5

Nevertheless, Plaintiff failed to plead an excessive force cause of action.  Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action is granted with leave to amend.

**II.  SECOND CAUSE OF ACTION: CLAIMS ARISING UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

Plaintiff's Second Cause of Action alleges that the City and Officer Dahl deprived Plaintiff of his rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures and from excessive force. Defendants challenge only Plaintiff's unreasonable search and seizure claim on the grounds that Plaintiff did not allege Defendants ever actually conducted any search or seizure. Plaintiff does not oppose Defendants' Motion.  Thus, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's unreasonable search and seizure claim is granted with leave to amend.

**III. THIRD CAUSE OF ACTION: CLAIMS BROUGHT PURSUANT TO CALIFORNIA CIVIL CODE §§ 51 ("UNRUH CIVIL RIGHTS ACT"), 51.7 ("RALPH CIVIL RIGHTS ACT"), 52.1 AND 52.3 ("BANE ACT")**

Plaintiff's Third Cause of Action alleges Defendants violated Plaintiff's rights under California Civil Code §§ 51, 51.7, 52.1 and 52.3.  Plaintiff does not oppose Defendants' Motion with respect to sections 51, 51.7, and 52.1.  Accordingly, Defendants' Motion is granted with leave to amend as to each of Plaintiff's claims under those sections.

Additionally, California Civil Code § 52.3 states, in pertinent part, "No governmental authority, or agent of a governmental authority,...shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California." Defendants argue, *inter alia*, that Plaintiff failed to plead facts suggesting the requisite pattern or practice. Plaintiff does not oppose Defendants' argument and seeks leave to amend. Accordingly, Defendants' Motion for Judgment on the Pleadings is also granted with leave to amend as to Plaintiff's § 52.3 claim.

**IV. FOURTH CAUSE OF ACTION: CLAIMS ARISING UNDER CALIFORNIA WELFARE AND INSTITUTIONS CODE §§ 15657 AND 15657.5**

Plaintiff's Fourth Cause of Action alleges that Defendants violated Welfare and Institutions Code §§ 15657 and 15657.5. Section 15657 provides remedies for the physical abuse of a dependent adult and section 15657.5 provides remedies for the financial abuse of such an individual. Plaintiff does not oppose this Motion as to his financial abuse claim based on section 15657.5 and seeks only to amend his pleading to properly allege a physical abuse claim under section 15657. Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Fourth Cause of Action is granted with leave to amend.

///
///

**V.  FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants' Motion challenges Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim only to the extent it is based on Officer Dahl's alleged failure to obtain medical care.  Defendants do not challenge Plaintiff's claim to the extent it is based on physical force.  All parties agree that Plaintiff's IIED claim against these Defendants is based on Officer Dahl's conduct during the cell extraction, and not on his failure to obtain medical care.  Accordingly, Defendants' Motion for Judgement on the Pleadings as to Plaintiff's Fifth Cause of Action is denied because Plaintiff have pled a cognizable IIED claim based on Defendants' alleged use of excessive force.

**VI.  SIXTH, SEVENTH, ELEVENTH AND TWELFTH CAUSES OF ACTION: CLAIMS ARISING UNDER CALIFORNIA GOVERNMENT CODE SECTION 845.6, NEGLIGENT HIRING CLAIMS, AND CLAIMS PURSUANT TO ARTICLE 1 §§ 7(a) AND 13 OF THE CALIFORNIA CONSTITUTION**

Plaintiff does not oppose Defendants' Motion as to his Sixth, Seventh, Eleventh, and Twelfth Causes of Action. Accordingly, Defendants' Motion for Judgment on the Pleadings as to each of these claims is granted with leave to amend.

///
///
///
///
///
///
///

8

**CONCLUSION**

Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Fifth Cause of Action is DENIED.  Defendants' Motion is GRANTED with leave to amend as to Plaintiff's First, Second (as to Plaintiff's Unreasonable Search and Seizure claim), Third, Fourth, Sixth, Seventh, Eleventh, and Twelfth Causes of Action. Plaintiff shall have twenty (20) days from the date this Memorandum and Order is filed to file an Amended Complaint.

IT IS SO ORDERED.

Dated: November 14, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE