UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REYNALDO CABRAL,                               No. 2:08-cv-00029-MCE-DAD

    Plaintiff,

  v.                                           MEMORANDUM AND ORDER

COUNTY OF GLENN, et al.

    Defendants.

----oo0oo----

Plaintiff Reynaldo Cabral ("Plaintiff") seeks monetary and injunctive relief against, *inter alia*, the City of Willows and the City of Willows Police Department and Officer Jason Dahl, for injuries sustained while detained in the Glenn County Jail. Presently before the Court are Defendants' Motions to Stay Action, or Alternatively, to Amend the Pretrial Scheduling Order ("PTSO"). For the following reasons, Defendants' Motions are granted in part and denied in part.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

**ANALYSIS**

The Court has previously, on numerous occasions, recited in detail the facts of this case. More critical to the instant dispute is the relevant procedural history.

On March 19, 2009, the Court electronically filed an order granting in part and denying in part a Motion to Dismiss filed by Defendants City of Willows, City of Willows Police Department, and Officer Jason Dahl. Via its Memorandum and Order, the Court determined, *inter alia*, that Officer Dahl was not entitled to qualified immunity.

On April 14, 2009, Officer Dahl filed a notice of interlocutory appeal of the Court's decision. By way of his appeal, Officer Dahl raises questions regarding the applicable constitutional standard in excessive force claims raised by pretrial detainees and whether a reasonable officer could have believed the force used by Officer Dahl was legal.

On May 21, 2009, Defendants Rosemary Carmen, James Miranda, Josh Van Eck, Dee Dee Nelson, Paultette Blakely, Charlene Landeros, Leonard Clemens, and the Glenn County Jail (collectively "Jail Defendants") filed a Motion to Stay the proceedings in this Court pending the resolution of Officer Dahl's appeal. Officer Dahl and the City of Willows subsequently joined in that Motion. Plaintiff opposes staying discovery, but does not oppose rescheduling discovery cut-off deadlines and the trial date.

///
///

By way of their Reply, the Jail Defendants make clear that they agree with Plaintiff's opposition to a discovery stay. Officer Dahl and the City of Willows, on the other hand, are adamant that this case be stayed in its entirety. For the following reasons, this Court agrees with the Jail Defendants.

"An appeal from an interlocutory order does not stay the proceedings [in the district court], as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982). More specifically, an "interlocutory appeal on the issue of qualified immunity...does not deprive this court of jurisdiction to address other, unrelated, matters still pending before it." Beecham v. City of West Sacramento, 2008 WL 4821655, *1 (E.D. Cal. 2008).

Because the excessive force claim against Officer Dahl is clearly related to his appeal, this action should be stayed as to that claim against Officer Dahl. Additionally, because the issues in this case are so highly interrelated and overlapping, all dispositive motion deadlines and trial dates are hereby vacated as to the entire action.

Nevertheless, the Court sees no reason to stay discovery that is critical to all claims currently before the Court, not just to those questions that are the subject of Officer Dahl's appeal. Moreover, even if Officer Dahl's appeal is successful, he remains a witness to at least some of the occurrences giving rise to Plaintiff's Complaint and remains a Defendant to those other claims pending against him and not implicated in his appeal.

1  Accordingly, it is proper that Officer Dahl be deposed,
2  notwithstanding the ongoing appellate proceedings.  See <u>Alice L.</u>
3  <u>v. Dusek</u>, 492 F.3d 563, 565 (5th Cir. 2007) (determining that
4  discovery requests regarding claims for which the defendant was
5  not entitled to immunity were permissible).  However, no witness
6  may be deposed as to any issues that relate solely to either the
7  excessive force cause of action brought against Officer Dahl
8  and/or Officer Dahl's claim of qualified immunity.

## CONCLUSION

For the above reasons, Defendants' Motions to Stay (Docket Nos. 127 and 129) are GRANTED in part and DENIED in part.  All scheduling and trial dates are hereby vacated, but discovery will proceed, consistent with the terms of this Order, during the pendency of Officer Dahl's appeal.  The Motion to Dismiss (Docket No. 114) filed by the City of Willows and Officer Dahl is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 30, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4